Dale H. SAUL, Appellant,

v.

Norman L. BLUMENFELD, Appellee.

No. 81–480.

District of Columbia Court of Appeals.

Argued Feb. 18, 1982.

Decided April 28, 1982.

Stephen M. Buckman, Washington, D. C., for appellant.

Keith A. Rosenberg, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and KELLY and BELSON, Associate Judges.

PER CURIAM:

This appeal arises out of appellee's action for attorney's fees and appellant's counterclaim for attorney malpractice. Following a non-jury trial, the trial court found against appellant on the counterclaim, and entered judgment for appellee on the complaint in the amount of $3,200.00. Appellant alleges error in that: (1) the court applied an incorrect legal standard in evaluating the reasonableness of the contract for legal services; (2) the court failed to consider appellant's claim that appellee breached the contract, and (3) the court refused to allow appellant to present evidence of breach of contract based on the Code of Professional Responsibility.[1] We affirm.

On August 3, 1979, a short time after the parties agreed to enter into an attorney-client relationship, appellant entered into a written retainer agreement with appellee. The terms of the agreement provided that appellee would represent appellant in her efforts to obtain custody of her daughter or, in the alternative, to establish certain visitation rights with respect to the child. The contract established an hourly rate for appellee's services and provided for payment of an initial retainer. Terms concerning costs were also included.

■ The trial court found expressly that the terms of the contract were reasonable, that appellee spent a reasonable amount of time representing appellant, and that appellee would have had the right to recover his fees even in the absence of a contract, as the fees represented reasonable compensation for services rendered. In so finding the court correctly applied a standard of good faith and reasonableness to its review of the contract. *See Kiser v. Miller*, 364 F.Supp. 1311 (D.D.C.1973), *aff'd sub nom. Pete v. United Mine Workers of America*, 171 U.S.App.D.C. 1, 517 F.2d 1275 (1975).

■ Appellant contends, however, that the court applied an incorrect legal standard of review, and cites holdings of the United States Court of Appeals for the District of Columbia Circuit that courts should scrutinize closely attorney-client con-

---

1. Appellant failed to provide this court with either a transcript or a Statement of Proceedings in accordance with D.C.App. R. 10(c) and (j), thus we are unable to review her second and third claims of error. We note, however, that contrary to what she asserts on this appeal, appellant did not raise an issue of breach of contract in her counterclaim filed on June 5, 1980.

tracts which are "beneficial to the attorney . . . [and] executed long after the attorney-client relationship has commenced, when the position of trust is well established, and the litigation involved is reaching its culmination."[2] As appellant correctly states, the Court of Appeals has characterized such contracts as being presumptively invalid and has placed the burden of demonstrating the fairness of the contract on the attorney.[3]

The authorities cited by appellant cannot be read as establishing a more stringent standard than that of good faith and reasonableness for the review of contracts for legal services. The cases state only that in applying such a standard to contracts which have been executed long after the attorney-client relationship has been established, courts will scrutinize the contracts closely and will assign the burden of proof of reasonableness to the attorney. It is apparent that such considerations are not applicable in the instant case since, by appellant's own account, the contract at issue was entered into approximately two weeks after appellant conferred with appellee and before litigation had commenced. Moreover, there is no basis upon which we can conclude that the trial court did not scrutinize the contract closely, and assign the burden of proof of reasonableness to appellee.

*Affirmed.*

**2.** *Pete v. United Mine Workers of America, supra* at 17, 517 F.2d at 1291, quoting *Spilker v. Hankin,* 88 U.S.App.D.C. 206, 210, 188 F.2d 35, 39 (1951).

